People v Johnson (2025 NY Slip Op 05775)

People v Johnson

2025 NY Slip Op 05775

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ.

Ind. No. 72108/24|Appeal No. 5002|Case No. 2024-03828|

[*1]The People of the State of New York, Respondent,

v

Jahfione Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Weiner of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Lindsey Richards of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Brenda Rivera, J.), rendered May 28, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a one-year conditional discharge, unanimously affirmed.

Defendant has not preserved his Second Amendment challenge to his gun possession conviction because he did not raise it before the trial court (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to consider it in the interest of justice. On the merits, defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d 453, 455 [1st Dept 2024], lv granted, 42 NY3d 939 [2024]).

Defendant also failed to preserve any challenge to the constitutionality of the indictment based on the charge of Penal Law § 265.02(8), which prohibits the possession of large-capacity ammunition feeding devices (see People v Archibald, 225 AD3d 548, 549 [1st Dept 2024], lv denied 41 NY3d 1016 [2024]), and we decline to review it in the interest of justice. In any event, his challenge is moot because defendant was not convicted of that count (see People v Watts, 234 AD3d 620, 621 [1st Dept 2025], lv denied 43 NY3d 1059 [2025]), and is also unavailing (see People v Guity, 223 AD3d 598, 599 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]).

Defendant's claim that defense counsel was ineffective for failing to move for dismissal of the indictment on Second Amendment grounds "is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion" (People v Martinez, 231 AD3d 448, 449 [1st Dept 2024], lv denied 42 NY3d 1081 [2025]; People v Slade, 228 AD3d 439 [1st Dept 2024], lv denied 42 NY3d 940 [2024]). To the extent that the issue can be resolved on this record, defendant fails to establish that his counsel was ineffective.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025